**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRC Balance LLC**<br>4455 E. Camelback Rd., Ste. B100<br>Phoenix, Arizona 85018<br>*Plaintiff,*<br><br>v.<br><br>**Founding Farmers, LLC**<br>1924 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006;<br><br>**SR Founding Farmers, LLC**<br>12505 Park Potomac Ave., 6th Floor<br>Potomac, MD 20854<br><br>**Founding Farmers Potomac, LLC**<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808-1645<br><br>**Founding Farmers Nova, LLC**<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808-1645<br><br>**Founding Farmers Reston, LLC**<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808-1645<br>*Defendants.* | Civil Action No. ____________<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(Jury Trial Demanded)** |

Plaintiff FRC Balance LLC ("Plaintiff"), for its Complaint against Defendants Founding Farmers, LLC; SR Founding Farmers, LLC; Founding Farmers Potomac, LLC; Founding Farmers Nova, LLC; Founding Farmers Reston, LLC (collectively, "Defendants") alleges as follows:

**Background and Nature of the Case**

This case involves Defendants' willful infringement of Plaintiff's federally registered TRUE FOOD® mark. Plaintiff uses TRUE FOOD® in connection with an extremely successful line of restaurants. Plaintiff owns federal registrations for TRUE FOOD® and other marks incorporating TRUE FOOD (collectively, the "TRUE FOOD Marks"). Plaintiff's TRUE FOOD®

restaurants have received accolades from consumers and restaurant reviewers alike for their high quality and innovative approach. Since Plaintiff's first TRUE FOOD restaurant opened in 2008, Plaintiff's restaurants have had amazing commercial success, and there are already eleven TRUE FOOD restaurants open in six states (Georgia, Texas, Colorado, California, Virginia and Arizona), with 8 more coming soon in six states (Illinois, Tennessee, Florida, New York, Texas and California). Plaintiff's federal registrations for TRUE FOOD give Plaintiff the exclusive right to use TRUE FOOD nationwide for the registered services. Because Plaintiff filed its first TRUE FOOD application in June 2008, Plaintiff has priority over later junior uses of TRUE FOOD for the same or similar services after that date.

Plaintiff has gradually expanded the geographic reach of its TRUE FOOD restaurants by opening new locations across the country. Plaintiff and Defendants' markets first overlapped in 2014 when Plaintiff opened a TRUE FOOD restaurant in Fairfax, Virginia.

Defendants claim to have first used a mark containing TRUE FOOD in September 2008 (later than Plaintiff's June 2008 priority date) when Defendants opened a Founding Farmers restaurant in Washington D.C. using the mark TRUE FOOD & DRINK. Plaintiff first demanded in 2014, as was its right as the holder of senior rights based on its federal registration, that Defendants cease all of its junior uses of TRUE FOOD based marks such as TRUE FOOD & DRINK for restaurant and bar services. Despite the demand, and during the ongoing settlement discussions, Defendants opened another Founding Farmers restaurant in 2015 using TRUE FOOD & DRINK less than five miles from Plaintiff's already open Fairfax location.

Despite (i) the entry of Plaintiff in 2014 into Defendant's market area with its senior TRUE FOOD mark, (ii) the Trademark Trial and Appeal Board's January 2015 entry of judgment against Defendant Founding Farmers, LLC and in favor of Plaintiff as to a TRUE FOOD based mark, and (iii) despite prolonged settlement negotiations between the parties, which began in 2014 and finally

ended in August 2015, Defendants still refuse to cease their infringing and unauthorized use of TRUE FOOD based marks. Defendants continue to engage in what are now indisputably willful acts of trademark infringement and unfair competition, and Defendants continue to expand their unlawful acts. Therefore, Plaintiff seeks the assistance of this Court to stop Defendants' ongoing acts of infringement and unfair competition and to grant the relief necessary to remedy the harm caused by Defendants' unlawful acts.

**Parties**

1. Plaintiff is a limited liability company organized under the laws of Arizona, with its principal place of business at 4455 E. Camelback Rd., Ste. B100, Phoenix, Arizona 85018.

2. Plaintiff and its affiliates are, in part, engaged in the business of providing restaurant services and food items at restaurants in various states under the TRUE FOOD Marks.

3. On information and belief, Defendant Founding Farmers, LLC (hereafter "Defendant FF") is a limited liability company organized under the laws of the District of Columbia, with its principal place of business at 1924 Pennsylvania Avenue, N.W., Washington, D.C. 20006.

4. On information and belief, Defendant SR Founding Farmers, LLC is a limited liability company organized under the laws of the Maryland, with its principal place of business at 12505 Park Potomac Ave., 6th Floor, Potomac, MD 20854.

5. On information and belief, Defendant Founding Farmers Potomac, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645.

6. On information and belief, Defendant Founding Farmers Nova, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645.

7. On information and belief, Defendant Founding Farmers Reston, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645.

8. Defendants[1] are engaged in the business of providing restaurant services and food items at Founding Farmers restaurants located in Washington D.C., Virginia, and Maryland, and each of these locations prominently uses the mark TRUE FOOD & DRINK.

9. Upon information and belief, Defendants are the owner and operator of the website posted at **www.wearefoundingfarmers.com** ("Defendants' Website").

10. Upon information and belief, Defendants are personally and actively (i) engaging in; (ii) conspiring with others to engage in; (iii) inducing others to engage in; and/or (iv) contributing to others' engagement in violations of Plaintiff's federally registered trademark rights.

**Jurisdiction and Venue**

11. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act").

12. This Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1332, and 1338.

13. This Court may exercise diversity jurisdiction because, on information and belief, there is complete diversity among the parties and the amount in controversy exceeds $75,000.

14. This Court has personal jurisdiction over Defendants because a substantial part of Defendants' infringing or otherwise unlawful activities occurred within this Judicial District, and in the case of Founding Farmers, LLC, its principal place of business is in this Judicial District.

[1] For ease of reference, Defendants are referred to individually and collectively in the plural as "Defendants," even when this Complaint is referring only to one of Defendants.

15. Venue is proper in this Court pursuant 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this Judicial District, and Defendant Founding Farmers, LLC actually resides in this Judicial District.

**Plaintiff and Its Use and Registration of TRUE FOOD Marks**

16. Plaintiff and its affiliates provide high quality restaurant services and food items under the TRUE FOOD Marks.

17. Plaintiff is the owner of the following federal service mark registrations:

| Mark | Reg. No. | Services |
|---|---|---|
| TRUE FOOD (words only) | 3,620,741 | Class 43—Full service, sit-down restaurant and bar services featuring organic, healthful, non-artificial and nutritious foods |
| TRUE FOOD KITCHEN (words only) | 4,049,211 | Class 43—Restaurant reservation services; Preparation of food and beverages for others; Cocktail lounge services; Restaurant carry out services; Catering services; Restaurant services; Cafe services; Take-out restaurant services; Restaurants featuring private dining rooms; Providing dining facilities for special events and private parties |
| TRUE FOOD KITCHEN (words only) | 4,052,881 | Class 35—Hosting of business events and meetings for others; Providing a venue for business events and meetings<br>Class 41—Hosting of social entertainment events; Hosting birthday parties; Providing a venue for educational events; Entertainment services, namely, wine tastings and food tastings; Hosting of educational cooking demonstrations and lectures |
| True Food kitchen | 3,688,743 | Class 43—Full service, sit-down restaurant and bar services featuring organic, healthful, non-artificial and nutritious foods |
| True Food kitchen GLOBALLY INSPIRED CUISINE | 3,961,181 | Class 43—Catering services; Restaurant and bar services, including restaurant carryout services |

18. Plaintiff's priority in TRUE FOOD dates back to June 17, 2008 when it first filed an application to register the mark TRUE FOOD, under Application Serial Number 77501250, which later issued as Registration 3,620,741.

19. Plaintiff or its predecessor in interest has used one or more of the TRUE FOOD Marks in connection with restaurant services, and the providing of various foods in connection therewith, in commerce since at least as early as October 2008, and such use continues today.

20. The mission of the TRUE FOOD restaurants is to provide a wide and healthy selection of foods that follow the internationally known Dr. Andrew Weil food philosophy to help its consumers maintain a healthy lifestyle.

21. The TRUE FOOD theme has further been promoted through a recipe book titled TRUE FOOD (the "TRUE FOOD Book"), as shown below:




22. Plaintiff's TRUE FOOD® restaurants have long featured healthy, vitamin rich menu choices, including juices and juice cleanses.

23. Plaintiff has been building its brand geographically and has been expanding from Arizona to other states ever since the first TRUE FOOD® restaurant opened.

24. As a result of Plaintiff's efforts, Plaintiff is now operating eleven TRUE FOOD® restaurants in Arizona, California, Colorado, Georgia, Texas, and Virginia.

25. Plaintiff has concrete plans to open at least five additional locations, including in Chicago, Illinois and Austin, Texas, as well as three additional locations in California.

26. In 2014, Plaintiff opened a TRUE FOOD® restaurant in the Washington D.C. metropolitan area—specifically in Fairfax, Virginia ("Plaintiff's Fairfax Location").

27. Plaintiff has expended substantial time and resources in marketing its TRUE FOOD® restaurants and building consumer recognition in the TRUE FOOD Marks.

28. Plaintiff has extensively marketed its goods and services under the TRUE FOOD Marks in various marketing channels, including on the Internet and through various social media platforms such as Twitter and Facebook.

29. The TRUE FOOD Marks have been used in connection with the promotion and sale of many millions of dollars of restaurant services.

30. Plaintiff has taken steps to enforce its rights against third-party users of marks that are likely to cause confusion with the TRUE FOOD Marks.

31. As a result of Plaintiff's significant efforts to develop the reputation of the TRUE FOOD Marks and Plaintiff's goodwill therein, there is widespread and growing recognition of the TRUE FOOD Marks among consumers.

32. As a result of Plaintiff's efforts, members of the consuming public readily identify services provided under the TRUE FOOD Marks as being of high quality and sponsored and approved by Plaintiff.

33. On information and belief, at all times relevant hereto, Defendants had constructive and/or actual knowledge of Plaintiff's ownership of the TRUE FOOD Marks, including Plaintiff's exclusive right to use and license such marks.

34. Plaintiff has never authorized Defendants to use any of the TRUE FOOD Marks.

**Defendant's Use of TRUE FOOD**

35. On information and belief, in September 2008 (after Plaintiff's application priority date in June 2008), Defendants opened a Founding Farmers restaurant located at 1924 Pennsylvania Ave NW, Washington, DC 20006, which prominently uses TRUE FOOD & DRINK as a mark in commerce. The following is an image of how the outside signage, which uses TRUE FOOD & DRINK, appears at this location:




36. Also in 2008, Defendants launched Defendants' Website, available at www.wearefoundingfarmers.com, which prominently featured and continues to make prominent use of TRUE FOOD & DRINK as a mark.

37. In or around early 2010, after Plaintiff had registered TRUE FOOD®, Defendant modified the home page of Defendants' Website to include "Welcome to true food & drink."

38. In or around 2011, Defendants further modified Defendants' Website so that the phrase "Welcome to true food & drink" became the most prominent words on the home page.

39. The following is an archived screen shot of Defendants' Website from 2011 showing prominent use of the phrase "Welcome to true food & drink."




40. Rather than to headline Defendants' Website with "Welcome to Founding Farmers," Defendants instead chose to prominently display on the home page of Defendants' Website the phrase "**Welcome to true food & drink**" in much larger letters than any use of Founding Farmers.

41. While the Defendants' Website is being continually modified it presently uses "true food & drink" prominently in the center of the home page in a golden eye attracting font.

42. On information and belief, in November 2011, Defendants opened a second Founding Farmers restaurant located at 12505 Park Potomac Avenue, Potomac, MD 20854 (the "MOCO Location"), which also prominently uses TRUE FOOD & DRINK as a mark. Defendants now refer to this as FOUNDING FARMERS MOCO.

43. On information and belief, in 2013, after the TRUE FOOD Book already had been published, Defendants published a Founding Farmers Cookbook, which uses TRUE FOOD & DRINK as part of the phrase "100 RECIPES FOR TRUE FOOD & DRINK."

44. Defendants use "Founding Farmers Restaurant | True Food and Drink" as the title of various web pages available on Defendants' Website.

45. Defendants also use the phrase "TRUE FOOD" alone.

46. For example, Defendants display a floor-to-ceiling collage mural at Defendants' MOCO Location, which includes a prominent banner with the phrase TRUE FOOD in capital letters.

47. Defendants advertise gift cards using the phrase "Give the gift of true food" and "Give the gift of true food & drink."

48. On information and belief, at some point in 2015, Defendants modified Defendants' Website so that the phrase WELCOME TO TRUE FOOD AND DRINK began appearing in all capital letters, as shown by the screenshot below:




49. Defendants gradually increased the prominence of "**WELCOME TO TRUE FOOD AND DRINK**" on Defendants' Website from when that phrase was first used, from originally presenting it in smaller typeset than Founding Farmers to later presenting that phrase in a typeset as large or larger than Founding Farmers and in ALL CAPS.

50. Defendants' use of True Food & Drink and True Food will lead consumers to see True Food & Drink and True Food as an alternate, if not primary, name and mark for Defendants' restaurants.

51. Defendants also use TRUE FOOD &DRINK in a different color than surrounding words to set it apart and give it added trademark significance.

52. Even in text, Defendants repeatedly have used True Food & Drink with initial non-grammatically correct, trademark like caps. For example, Defendants have used the following sentence on Defendants' Website: "We look forward to seeing you—and to sharing the best of our True Food & Drink."

53. Defendants have even incorporated the word "TRUE" into a phone number (i.e. 202-822-TRUE) and have marketed it as such to emphasize the importance of True Food & Drink.

54. On information and belief, in February 2015, Defendants opened up a third FOUNDING FARMERS restaurant located at 1800 Tysons Blvd, McLean, VA 22102 (the "Tysons Location"), and that restaurant also prominently uses TRUE FOOD & DRINK as a mark.

55. The following image shows how the signage appears at Defendants' Tysons Location:



56. Defendants' Tysons Location is located less than five miles from Plaintiff's Fairfax Location. Defendants opened the Tysons Location after Plaintiff had already opened its Fairfax Location.

57. On information and belief, Defendants intend to open a fourth Founding Farmers in Reston, Virginia in 2016.

**Defendants' Failed Attempt to Register a TRUE FOOD Mark and Judgment against Defendants Entered by the Trademark Trial and Appeal Board**

58. Defendants have attempted, unsuccessfully, to claim federal trademark rights in the phrase TRUE FOOD & DRINK as a part of an applied for mark.

59. On December 9, 2013, Defendant FF filed an application (Ser. No. 86138228) (the "Application") with the USPTO to register the mark FOUNDING FARMERS TRUE FOOD & DRINK and design (the "FF True Food Mark").

60. The Application was filed in Class 43 for restaurant and bar services.

61. The Application was filed on a use basis claiming a date of first use of September 18, 2008, which is later than Plaintiff's June 17, 2008 priority date under Plaintiff's first federal registration for TRUE FOOD.

62. Plaintiff filed a Notice of Opposition (Opp. No. 91219889) (the "Opposition") with the Trademark Trial and Appeal Board ("TTAB") against Defendant FF's Application, claiming that the FF True Food Mark is likely to cause confusion with the TRUE FOOD Marks.

63. After Plaintiff objected to Defendants' use of a TRUE FOOD Mark and had filed the Opposition, Defendant FF expressly abandoned its Application to register the FF True Food Mark.

64. As a result of Defendant FF's abandonment without consent of Plaintiff, the TTAB entered judgment in favor of Plaintiff and against Defendant FF on January 6, 2015.

65. Under specified circumstances, a judgment of the TTAB gives rise to a presumption that such judgment has a preclusive effect and is binding, and arguably leads to a finding in this action against Defendants and in favor of Plaintiff on the issue of likelihood of confusion between the FF True Food Mark and the TRUE FOOD Marks.

**Plaintiff's Seniority**

66. Plaintiff possesses senior rights in TRUE FOOD vis-à-vis Defendants.

67. Plaintiff filed its first federal application to register the mark TRUE FOOD (Ser. No. 77501250) (later registered as Reg. No. 3620741) on June 17, 2008, which establishes Plaintiff's priority in TRUE FOOD as a mark and is prior to the date when Defendants claim to have made their first common law use of the FF True Food Mark on September 18, 2008.

68. Because Plaintiff has senior rights under its federal registration, once Plaintiff entered into Defendants' market area with its TRUE FOOD mark, Plaintiff has the right to stop Defendants from making junior use of TRUE FOOD and marks containing TRUE FOOD for the same or similar services.

**Likelihood of Confusion**

69. Defendants' use of TRUE FOOD, both alone and as part of the full phrase TRUE FOOD & DRINK is likely to cause confusion among consumers.

70. Defendants are using the identical phrase TRUE FOOD to offer and sell identical and highly related services and goods as Plaintiff offers and sells under the TRUE FOOD Marks.

71. Defendants' increasingly prominent use of the TRUE FOOD & DRINK (e.g. "WELCOME TO TRUE FOOD & DRINK") is likely to cause consumers to believe mistakenly that Defendants are somehow associated with or have a relationship with Plaintiff.

72. Defendants' use of the phrase TRUE FOOD & DRINK in connection with a healthy cook book increases the likelihood of confusion because consumers will associate Defendants' recipe book with Dr. Weil's existing TRUE FOOD cook book.

73. Since Defendants became aware of the genuine TRUE FOOD® restaurants, Defendants have expanded their goods and services to more closely emulate those offered by Plaintiff, thus increasing the likelihood of confusion.

74. Only after Plaintiff expanded into the Washington DC metropolitan area, Defendants began heavily promoting healthy, vitamin rich choices on its menus, such as juices and juice cleanses.

75. The similar themes and styles utilized by the parties in their respective restaurants increases the likelihood that consumers will be confused.

76. After Plaintiff expanded into the Washington DC metropolitan area, consumers have commented that Plaintiff's Fairfax restaurant reminds them of Defendants' restaurants.

77. One consumer even described Plaintiff's Fairfax location as "a creepy twin of Founding Farmers." *See* http://www.yelp.com/biz/true-food-kitchen-fairfax?hrid=S0sYb7jnGmye_rhSZk7t_Q.

78. Defendants provide their goods and services using a TRUE FOOD mark to many of the same kinds of consumers to whom Plaintiff provides its goods and services under its TRUE FOOD Marks.

79. Defendants' use of TRUE FOOD and TRUE FOOD & DRINK is so close to the TRUE FOOD Marks as to make it likely, when applied to Defendants' goods and services, to cause mistake and confusion among, and to deceive, the trade and the public.

80. The likely confusion caused by the use by Defendants of TRUE FOOD & DRINK has caused and/or will cause harm to Plaintiff.

**Demand for Cessation and Settlement Discussions**

81. Once Plaintiff and Defendants were operating in the same market area, Plaintiff demanded that Defendants cease use of TRUE FOOD, including as part of the phrase TRUE FOOD & DRINK.

82. Plaintiff engaged in prolonged settlement negotiations with Defendants, starting in 2014 and lasting until August 2015 to try to resolve the matter without litigation, but these negotiations were ultimately unsuccessful.

83. Defendants have refused to cease use of TRUE FOOD as a mark and as part of their marks in connection with the sale and promotion of their restaurant services and food-related goods, despite Plaintiff's objections to such continued use and demands for cessation.

84. Defendants' continued use of TRUE FOOD-based marks is likely to cause confusion with Plaintiff's TRUE FOOD Marks.

85. Defendants' unauthorized use of TRUE FOOD, whether as part of the phrase TRUE FOOD & DRINK or otherwise, in the same market areas as where Plaintiff is now using its TRUE FOOD Marks, trades on Plaintiff's good will in the TRUE FOOD Marks.

**FIRST CAUSE OF ACTION**

**Federal Trademark Infringement – 15 U.S.C. § 1114**

86. Plaintiff hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 85 above.

87. This cause of action is for federal trademark infringement against Defendants based on their infringing use of marks containing TRUE FOOD in commerce in connection with the promotion, advertisement, distribution, sale, and/or offering for sale of its goods and services.

88. Plaintiff is the owner of the TRUE FOOD Marks.

89. Plaintiff's TRUE FOOD Marks are valid, protectable marks.

90. Plaintiff's rights in TRUE FOOD as a mark are senior to any rights that Defendants may claim in marks that it uses and that incorporate TRUE FOOD.

91. Defendants' unauthorized use of TRUE FOOD and TRUE FOOD & DRINK in the same market areas as Plaintiff is likely to cause confusion, or mistake among, or to deceive, consumers and the general public.

92. Defendants have infringed and are continuously, directly, and contributorily, infringing Plaintiff's rights in the TRUE FOOD Marks.

93. Defendants have been using TRUE FOOD and TRUE FOOD & DRINK as a mark with knowledge of Plaintiff's senior rights in TRUE FOOD but without Plaintiff's authorization.

94. Defendants' above-described actions constitute infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114.

95. Defendants' infringement has been deliberate, willful, and in wanton disregard of Plaintiff's established and superior rights.

96. The TTAB's judgment against Defendant FF's Application to register the FF True Food Mark arguably has a preclusive effect and is binding on Defendants as to this claim of infringement.

97. As a result of Defendants' trademark infringement, Plaintiff has suffered and/or will suffer irreparable damage to its trade, business, reputation, good will, and the value of the TRUE FOOD Marks, as well as the loss of sales and profits that Plaintiff would have made but for Defendants' acts.

98. On information and belief, Defendants have derived unlawful gains and profits as a result of its trademark infringement.

99. As a result of Defendants' wrongful and willful trademark infringement, Plaintiff has no adequate remedy at law and is entitled to damages in amounts to be proven at trial, and as described and set forth in its Prayer for Relief.

## SECOND CAUSE OF ACTION

### Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a)

100. Plaintiff hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 99 above.

101. This cause of action is for federal unfair competition and false designation of origin against Defendants based on their deceptive and unfair use of marks containing TRUE FOOD in commerce in connection with the promotion, advertisement, distribution, sale, and/or offering for sale of goods and services.

102. Defendants' use of TRUE FOOD and TRUE FOOD & DRINK is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff.

103. Defendants' above-described actions constitute unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104. Defendants' unfair competition and false designation of origin has been deliberate, willful, and in wanton disregard of Plaintiff's established and superior rights.

105. The TTAB's entry of judgment against Defendant FF arguably has a preclusive effect and is binding on Defendants as to this claim of unfair competition and false designation of origin.

106. As a result of Defendants' unfair competition and false designation of origin, Plaintiff has suffered and/or will suffer irreparable damage to its trade, business, reputation, good will, and the value of the TRUE FOOD Marks, as well as the loss of sales and profits that Plaintiff would have made but for Defendants' acts.

107. On information and belief, Defendants have derived unlawful gains and profits as a result of its unfair competition and false designation of origin.

108. As a result of Defendants' unfair competition and false designation of origin, Plaintiff has no adequate remedy at law and is entitled to damages in amounts to be proven at trial, and as described and set forth in its Prayer for Relief.

**Prayer for Relief**

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

1. A declaration that Defendants have willfully infringed Plaintiff's TRUE FOOD Marks and engaged in unfair competition and false designation of origin.

2. An order requiring Defendants and all those acting in concert with Defendants to cease all commercial use of any name and mark containing or including TRUE FOOD in connection with Defendants' goods or services.

3. An order enjoining Defendants from making further unauthorized uses of any mark that incorporates TRUE FOOD in connection with Defendants' goods or services.

4. An award of damages, including but not limited to the following:

   a. Defendants' profits associated with the infringement;

   b. Actual damages sustained by Plaintiff;

   c. A reasonable royalty based on Defendants' unauthorized use of a mark that first should have been licensed in order to be used;

d. Past and/or prospective corrective advertising damages to correct the harm caused by Defendants' infringement; and

e. Treble damages as a result of Defendants' deliberate and willful acts.

5. An award of attorneys' fees, pursuant to 15 U.S.C. § 1117(a), because this case is an exceptional case.

6. An award of costs.

7. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims presented.

Respectfully submitted this 17th day of December, 2015

J. Paul Williamson (DC Bar No. 396023)
Vold & Williamson PLLC
8251 Greensboro Drive, Suite 340
McLean, Virginia 22102
Telephone: 571.395.4633
Email: pwilliamson@vwiplaw.com

*Attorneys for Plaintiff*